1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BEVERLY LOAN COMPANY, a California corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>ASYLUM ENTERTAINMENT, LLC, a California limited liability company, REELZCHANNEL, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>    Defendants. | **CASE NO. 2:13-CV-5095 GAF (VBKx)**<br><br>[U.S. Dist. Judge Gary A. Feess]<br><br>**[PROPOSED] PROTECTIVE ORDER** |
| ASYLUM ENTERTAINMENT, LLC, a California limited liability company,<br><br>    Counter-Claimant,<br><br>v.<br><br>BEVERLY LOAN COMPANY, a California corporation,<br><br>    Counter- Defendant. | |

**LEOPOLD, PETRICH**
**& SMITH**
A Professional Corporation

# ORDER

This Court, having read and considered the Stipulation for Protective Order submitted by Plaintiff Beverly Loan Company, Inc. ("Plaintiff") and Defendant and Counter-Claimant Asylum Entertainment, LLC and Defendant ReelzChannel, LLC (collectively, "Defendants"), and finding good cause therefor, hereby orders that:

1. As used in this Order,

   a. "Designating Party" means any Party who designates Material as Confidential Material.

   b. "Discovering Counsel" means counsel of record for a Discovering Party.

   c. "Discovering Party" means the Party to whom Material is being Provided by a Producer.

   d. "Confidential Material" refers to those Materials designated as "CONFIDENTIAL" as defined and set forth in Paragraphs 2 and 3 below.

   e. "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in the above-captioned action by a Person, either before or after the date of this Stipulated Protective Order.

   f. "Party" means the Parties to this action, their attorneys of record, and their agents.

   g. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity, whether a Party or not.

   h. "Producer" means any Person or Party who Provides Material during the course of this action.

   i. "Provide" means to produce any Material, whether voluntarily or involuntarily, and whether pursuant to request or to process.

**CONFIDENTIAL DESIGNATION**

2. A Producer may designate as "CONFIDENTIAL" any Material Provided to a Party which contains or discloses any of the following:

    a. Information which the Producer determines in good faith constitutes a trade secret under Cal. Civil Code Section 3426.1 which defines a "trade secret" as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy";

    b. Information that the Producer is under a duty to preserve as confidential under an agreement with or other obligation to another Person. This includes, but is not limited to, confidential personal information of any employee of any Producer.

3. A Producer shall mark as CONFIDENTIAL those Materials which the Producer in good faith believes are entitled to protection pursuant to the standards set forth in Paragraph 2 of this Stipulation. A Producer may designate Confidential Material for protection under this order by either of the following methods:

    a. By physically marking such Material with the following inscriptions (or substantially similar inscriptions) prior to Providing it to a Party: "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"

    b. By specifically identifying in a writing to the Discovering Party any previously Provided Material which was not originally designated as Confidential Material. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the Bates numbers, exhibit numbers, or deposition page and line numbers of previously Provided Material. Where a Producer designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producer will (i) follow the procedures set forth in the previous subparagraph for

designating Confidential Material, and will (ii) Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the additional copies bearing the inscription, the Discovering Party will immediately return to the Producer the pertinent previously Provided Material, or alternatively, will destroy that previously Provided Material, at the option of the Producer.

      c.    The designation of documents as "Confidential" does not entitle the Parties to have those documents filed under seal. Any application to file documents under seal, including a stipulated application to file documents under seal, must comply with Local Rule 79-5.

## **RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**

4.    Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any Person other than those described in Paragraph 7 of this Stipulation, nor shall such Material or its contents be disclosed in any other manner than in accordance with the terms, conditions and restrictions of this Order.

5.    Confidential Material Provided by a Producer to a Discovering Party shall not be used by the Discovering Party or by anyone other than the Producer, specifically including the Persons identified in Paragraph 7 below, for any purpose, including, without limitation, any personal, business, governmental, commercial, publicity or public-relations purpose, or other litigation (including any administrative or judicial proceeding), other than the prosecution or defense of this action.

6.    All Confidential Material shall be kept secure by Discovering Counsel in that authorized access to Confidential Material shall be limited to Persons authorized pursuant to Paragraph 7 of this Order.

7.    For purposes of the prosecution or defense of this action, and subject to the terms, conditions, and restrictions of this Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following Persons:

   a. Counsel of record prosecuting or defending this action on behalf of any party and counsel's employees who are assisting in that prosecution or defense, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff.

   b. In-house counsel of any party and such in-house counsel's employees who are directly assisting them in connection with this action, including counsel's paralegals, assistants, secretaries, and clerical staff.

   c. Court and deposition reporters and their staff.

   d. The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL.

   e. Witnesses at depositions or pre-trial proceedings, in accordance with the procedures set forth in Paragraphs 9-11, below.

   f. Non-party experts and consultants assisting counsel of record with respect to this action, and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 9-11, below.

   g. Officers, directors and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

   h. Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

   i. Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

   j. Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

1    k.    Any other Person who the Parties agree in writing may receive
2  Material designated as CONFIDENTIAL.
3     The Parties shall make a good faith effort to limit dissemination of Material
4  designated as CONFIDENTIAL within these categories to Persons who have a
5  reasonable need for access thereto.
6     Notwithstanding anything to the contrary, unless added as a party to this action,
7  neither Yossi Dina nor any other Pawnbroker shall be provided with any Material
8  designated as CONFIDENTIAL by Plaintiff unless (i) the CONFIDENTIAL portions
9  of the designated Material is redacted, and (ii) such person is entitled to receive the
10 Material in accordance with the terms hereof.

## UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

12   8.    Before Discovering Counsel may disclose Confidential Material to any
13 Person described in subparagraphs 7(f) or 7(g), above, the Person to whom disclosure
14 is to be made shall (a) receive a copy of the Protective Order (b) read the Protective
15 Order in its entirety and (c) evidence his or her agreement to be bound by the terms,
16 conditions, and restrictions of the Protective Order by signing an undertaking in the
17 form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of
18 the Protective Order, with a copy of his or her signed Undertaking attached.
19 Discovering Counsel shall keep a copy of the signed Undertaking for each person
20 described in subparagraphs 7(f) or 7(g) to whom Discovering Counsel discloses
21 Confidential Material, and shall provide such copy to any Party or Producer upon that
22 Party or Producer's request.

## DEPOSITIONS

24   9.    Those portions of depositions taken by any Party at which any Material
25 designated as CONFIDENTIAL is used or inquired into, may not be conducted in the
26 presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel,
27 and (c) Persons authorized under Paragraph 7 of this Order to view such Confidential
28 Material.

10. Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Counsel for any Party may designate exhibits as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material. Failure of counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty calendar days of receipt of the transcript of the deposition, or thirty days of the date on which the Protective Order becomes effective, whichever date occurs later, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material. If counsel for the deponent or Party fails to designate the transcript or exhibits as Confidential within the above-described thirty day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material. For purposes of this Paragraph 10, the Protective Order shall be deemed "effective" on the date on which the Stipulation for Protective Order has been executed by counsel of record for all Parties.

11. When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 3 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated references to Confidential Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

12. If any Party or Person seeks to file or lodge with the Court any Confidential Material, such Materials shall be submitted to the Court in accordance with the procedures set forth in Local Rule 79-5. No documents may be filed or lodged under seal absent a court order pertinent to the specific document(s). If a Party wishes to file or lodge documents under seal, the other Party shall not unreasonably withhold agreement to such procedure. If an agreement is reached, the Parties shall submit to the Court a Stipulation and Proposed Order for such filing or lodging under seal. If no such agreement is reached, then the proponent of lodging or filing under seal shall submit an Application and Proposed Order pursuant to Local Rule 79-5.1. The Parties, and each of them, shall also comply with the procedure set forth in Section I (D) of Judge Feess' Standing Order re: Protective Orders and Treatment of Confidential Information ("Standing Order").

## OBJECTIONS TO DESIGNATION

13. Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law and/or the terms of the Protective Order as set forth in paragraph 2, above. The Designating Party shall, within five court days, meet and confer in good faith with the Party challenging the designation in an attempt to resolve such dispute. The Designating Party shall have ten (10) calendar days from the initial meet and confer to file a motion to uphold the designation of the material in question. Any such motion shall be set for hearing on the first available calendar date. If no motion is filed within 10 days, or any mutually agreed to extension of time, all Parties may treat the Material as non-confidential. To maintain the designation as Confidential Material and to prevail on such a motion, the Designating Party must show that there is good cause for the designation as Confidential Material; pursuant to Section I (C) of Judge Feess'

Standing Order, the Designating Party bears the burden of establishing the confidentiality of the Materials. Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by the Protective Order shall continue to treat the Material which is the subject of the motion as Confidential Material.

14. If any Material designated as CONFIDENTIAL is found by the Court to not be Confidential, or such Material must be filed or lodged with the Court not in-camera or under seal for any reason which is not in violation of the Protective Order, the Person filing such document shall take reasonable measures to redact any sensitive information in the Material such as, but not limited to, the names of Plaintiff's customers, if such information is not essential to the filing.

## RETURN OF MATERIAL

15. Within ninety (90) calendar days after the final judgment in or settlement of this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all Materials provided by a Producer and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product, and except to the extent that such Material has been filed with any other court in which proceedings related to this action are still being conducted. In addition, with respect to any such retained work product and unless otherwise agreed to, at the conclusion of this action, counsel for each Party shall store in a secure area all work product which embodies Confidential Material together with all of the signed undertakings they are required to preserve pursuant to Paragraph 8 above. The obligations of the Protective Order shall survive the termination of this action. To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of the Protective Order. Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

//
//

## SCOPE OF THIS ORDER

16. Except for the provisions regarding post-judgment or post-settlement return and destruction of Material, or segregation of work product which embodies Confidential Material, this order is strictly a pretrial order; it does not govern the trial in this action. Pursuant to Section I (E) of Judge Feess' Standing Order, in the event that the action proceeds to trial, all Confidential Material will become public and will be presumptively available to all members of the public, including the press, unless otherwise ordered.

17. Not later than two weeks before trial in the action, Counsel for the parties agree to meet and confer concerning the use at trial of previously-designated Confidential Material. If counsel believes that it is necessary to in some way preserve the confidentiality of Confidential Material at trial, counsel shall collaborate in providing the Court with a showing of sufficient cause to justify such preservation of confidentiality, at the time scheduled for hearing on Motions in Limine and Disputed Jury Instructions or at any other time as required by the Court.

18. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producer claims a legal obligation not to disclose, or Material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

19. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

20. The Protective Order shall not preclude any Person from waiving the applicability of the Protective Order with respect to any Confidential Material Provided by that Person, or from using any Confidential Material Provided by that Person or owned by that Person in any manner that Person deems appropriate.

21. The Protective Order shall not affect any other contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

22. The restrictions set out in the Protective Order shall not apply to any Material which:

    a. At the time it is Provided is available to the public;

    b. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

    c. The Discovering Party can show:

        i. Was already known to the Discovering Party independently of receipt of the Confidential Material in this litigation; or

        ii. Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

23. If at any time any Material protected by the Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall give sufficient written notice thereof to the Producer with respect to the Confidential Material so sought, so as to afford the Producer reasonable opportunity to pursue formal objections to such disclosures. If the Producer does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating the Protective Order.

24. Should a party inadvertently file Confidential Material in the public record, it shall immediately upon realizing the inadvertent filing, i.e. on the same or next business day after such realization, notify, by phone and confirm by e-mail, the Designating Party of such filing.  It shall then take immediate (i.e., same or next court day) action to remove the designated material from the public record, including the filing of any corrective motions with the Court, such as the Court deems necessary. Should a party inadvertently disclose Confidential Material to a Person not entitled to receive such Material, it shall immediately (i.e., on the same or next day) upon realizing such disclosure, notify, by phone and confirm by e-mail, the Designating Party of such disclosure, and take immediate (i.e., on the same or next day) action to recover the disclosed material from the Person to whom that material was inadvertently disclosed. Notwithstanding recovery of the Material for such third Person, the party who inadvertently disclosed the Material shall also employ its best commercial efforts to cause the Person to whom that Material was inadvertently disclosed to execute Exhibit A attached hereto.

IT IS SO ORDERED.


DATED: September 30, 2013                    /s/
                                      _____
                                      U.S. MAGISTRATE JUDGE
                                      VICTOR B. KENTON

**Submitted by:**

_____      _____
Timothy J. Gorry                    Vincent Cox
Matthew E. Kavanaugh                Eva Neuberg
EISNER KAHAN GORRY CHAPMAN          LEOPOLD, PETRICH & SMITH, P.C.
ROSS & JAFFE

                                    Attorneys for Defendant and Counter-
Attorneys for Plaintiff             Claimant ASYLUM
BEVERLY LOAN COMPANY, INC.          ENTERTAINMENT, LLC and

Defendant REELZCHANNEL, LLC

# EXHIBIT A

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER

## REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Beverly Loan Co., Inc. v. Asylum Entertainment, LLC, et. al.*, No. 2:13 CV13-05095-GAF (VBKx).  I agree to comply with and to be bound by all the terms of the above-referenced Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the terms and provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Signature: _____

Date: _____

City and State where sworn and signed: _____